In re INDUSTRIAL SUPPLY
CORP., Debtor.

FLORIDA STEEL CORP., Appellant,

v.

Robert L. STOBER, Appellee.

No. 90–212–CIV–T–17.

Bankruptcy No. 87–6438–8P1.

United States District Court,
M.D. Florida,
Tampa Division.

May 14, 1991.

Ronald Leigh Bergwerk, Jacksonville, Fla., for appellant.

Robert L. Stober, Clifton, N.J., for appellee.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

This cause is before the Court on appeal from the "Findings of Fact, Conclusions of Law and Memorandum Opinion", entered January 3, 1990, 109 B.R. 484, and "Final Judgment" entered January 18, 1990, by Bankruptcy Judge Alexander L. Paskay, and request for oral argument. The request for oral argument is denied.

ISSUES:

I. Whether or not a creditor's refusal to increase a delinquent debtor's credit limit constitutes an "extraordinary collection effort."

II. Whether or not interest on a preference recovery judgment is computed at the federal rate or the state rate.

STANDARD OF APPELLATE REVIEW

The applicable standard of appellate review is that findings of fact shall not be set aside unless clearly erroneous. *Griffin v. Missouri Pacific Railway Co.*, 413 F.2d 9 (5th Cir.1969); Bankruptcy Rule 8013. Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts.

FACTS

Industrial Supply Corporation (the Debtor) filed a Chapter 11 bankruptcy petition on September 30, 1983, and a plan was confirmed on March 25, 1986. A subsequent petition was filed on November 25, 1987, with a liquidating plan being confirmed on November 8, 1988. Robert Stober was appointed the liquidating trustee.

On April 13, 1989, Stober filed an adversary proceeding against Florida Steel Corporation (FSC) to recover alleged preferences totaling $227,599.35. A final evidentiary hearing was held on July 25, 1989. The "Findings of Fact, Conclusions of Law and Memorandum Opinion" was filed on January 3, 1990, awarding Plaintiff $37,281.22 as a preferential payment. The final judgment issued on January 18, 1990, awarding Plaintiff $37,281.22 plus pre-judgment interest at 12%.

In the complaint to recover preference, the trustee alleged the following:

1. Within ninety (90) days prior to the commencement of Chapter 11 proceeding, the Defendant received the transfer of money and property from the Debtor in the sum of $227,599.35.

2. At the time of the transfer of money and property, Industrial Supply Corporation was insolvent.

3. The Plaintiff has examined the available books and records of the Debtor and based upon such examination has formed a belief that the transfer of money and property to the above-named Defendant (i) was to or for the benefit of the above-named Defendant, a creditor of the Debtor; (ii) was for or on account of an antecedent debt owed by the Debtor before the transfer was made; (iii) was made within ninety (90) days before the date of the filing of the petition; and, (iv) will enable the above-named Defendant to recover more than it would receive as a creditor if (a) the bankruptcy case were a case under Chapter 7 of Title 11, United

States Code, (b) the transfer had not been made, and (c) Defendant received payment of its debt to the extent provided by the provisions of said Title 11. Defendant, in a joint stipulation of facts, admitted these allegations to be true.

FSC asserted the following affirmative defenses to the allegations in its answer:

1. All transfers by the debtor to the defendant were made in payment of debts incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the defendant, were made in the ordinary course of business or financial affairs of the debtor and the defendant, and were made according to ordinary business terms.

2. Subsequent to the transfers that are the subject of this complaint, the defendant gave new value to the debtor, which new value was not secured by a security interest and on account of which the debtor did not make any other transfer.

The order entered by the bankruptcy judge on January 3, 1990, stated that the parties stipulated that all of the elements of a preference have been met; therefore, the only issues before the court were those raised by the first and second affirmative defenses, based on Sections 547(c)(2) and 547(c)(4) of the Bankruptcy Code. In discussing the issues the court stated:

> Based on the foregoing, this Court is satisfied that the payment interval during the preference period is not so different from the period of time prior to the preference period to bring these payments outside of the ordinary course of business. However, it is the fact that the payments were made as a result of extraordinary collection efforts which does so. Both parties agree that during the preference period, the Defendant refused to deliver new merchandise to the Debtor on several occasions unless the Debtor hand-delivered checks and reduced the level of debt owed to the Defendant. It is because of these efforts and not the payment interval time that bring these transactions during the preference period outside the protection of § 547(c)(2) of the Bankruptcy Code.

Based on this order a final judgment was entered awarding Plaintiff (Robert Stober, Trustee) $37,281.22 as a preferential payment.

## DISCUSSION

A trustee may avoid any transfer of property of the debtor, pursuant to 11 U.S.C. § 547, to recover certain payments made to a creditor, on account of antecedent debt, within the ninety (90) days prior to filing the petition. The general criteria for a recoverable transfer are set forth in § 547(b). The parties agree that the general criteria are present in this case. Certain exceptions to the principle are set forth at subsection (c), referred to as the "ordinary course of business exception", as follows:

> The trustee may not avoid under this section a transfer—
>
> (1) to the extent that such transfer was
>
> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor; and
>
> (B) in fact a substantially contemporaneous exchange;
>
> (2) to the extent that such transfer was—
>
> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and transferee;
>
> (B) made in the ordinary course of business or financial affairs of the debtor and transferee; and
>
> (C) made according to ordinary business terms.

■ The purpose of the ordinary course of business exception is to leave normal financial relations undisturbed, as it does not detract from the general policy to discourage unusual action by the debtor or his creditor during the slide into bankruptcy. *In Re Craig Oil Co.*, 785 F.2d 1563, 1566 (11th Cir.1986).

■ There is no precise legal standard to be applied. The court must engage in a "peculiarly factual" analysis. The inquiry

 

focuses on analysis of the business practices which were unique to the particular parties involved and not to generally prevailing industry practices. *In Re Fulghum Const. Corp.*, 872 F.2d 739 (6th Cir.1988). The burden is on the defendant to establish an exception exists. The court may look to the following factors in determining whether the exception has been established, but should narrowly interpret the section: 1) the prior course of dealing; 2) the amount of the payments; 3) the timing of the payments; and 4) circumstances surrounding the payments. *In Re First Software Corp.*, 81 B.R. 211, 213 (Bkrtcy.D.Mass. 1988).

■ Appellant challenges the bankruptcy judge's finding that the payments made during the preference period were a result of "extraordinary collection efforts." This finding of fact may be overturned only if this Court finds it to be clearly erroneous.

The Court cannot make that determination. The bankruptcy judge is in the best position to assess the testimony first-hand and the Court finds nothing in this record which would justify second guessing his assessment of the facts of the case.

■ The second issue is whether the bankruptcy judge erred in awarding pre-judgment interest at 12% based on the state rate. The parties agree that the entitlement to pre-judgment interest is discretionary. However, Appellant asserts that the bankruptcy judge abused his discretion in awarding a pre-judgment interest rate of 12% and that the pre-judgment interest rate should have been based on the application of the interest rate set forth in 28 U.S.C. § 1961.

It may be that the equities of a particular case demand a rate different than the rate prescribed by 28 U.S.C. § 1961. *In Re Nucorp Energy, Inc.*, 902 F.2d 729 (9th Cir.1990). Appellant has not convinced the Court that Judge Paskay abused his discretion in setting the pre-judgment interest rate in this case. Accordingly, it is

ORDERED that the findings of fact, conclusions of law and memorandum opinion, filed January 3, 1990, and the final judgment, filed January 18, 1990, be affirmed. The Clerk of the Court is directed to enter judgment in accordance with this Order.

DONE and ORDERED.